UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS L. JONES )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES )<br>)<br>    Defendant. )<br>) | C.A. No. 07-0943 (CKK) |

**PARTIES' JOINT 16.3 REPORT**

Pursuant to Fed. R. Civ. P. 26(f), LCvR 16.3 and this Court's standing order, counsel for the parties conferred on October 25-26, 2007. As a consequence of this conference, the parties hereby report to the Court as follows:

Statement of the Case

Plaintiff in this case is Thomas L. Jones, an inmate in the Federal Correctional Facility at Cumberland, Maryland. Plaintiff brings this case pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, to seek remedy for acts of negligence on the part of employees of the United States Marshals Service, United States Department of Justice against plaintiff resulting in bodily injuries. Plaintiff seeks compensatory damages for his injuries. Defendant denies that the incident occurred and/or that it engaged in negligence resulting in plaintiff's injuries.

Local Civil Rule 16 Report

With regard to the matters to be included in the parties 16.3 report, the parties state the following:

1. <u>Case Scheduling</u>:  There are no pending motions.  The parties do not believe that discovery should be stayed at this time for dispositive motions.

2. <u>Joinder/Amendment/Narrowing</u>:  The parties do not anticipate the necessity to join third parties or to amend the pleadings further.  Neither party believes that the legal or factual issues can be narrowed at this time.

3. <u>Assignment To Magistrate Judge</u>:  Defendant does not consent to assignment of this case to a magistrate judge for all purposes; plaintiff would so consent to the assignment of this case to a magistrate judge.

4. <u>Settlement Possibility</u>:  The parties do not see a possibility of settlement at this time.  However, the parties will continue to be open to settlement discussions.

5. <u>Alternative Dispute Procedures</u>:  At this time, the parties do not believe that the case could benefit from the Court's ADR process until at least discovery has been initiated.  The parties will inform the Court if it appears that mediation might be useful later on.

6. <u>Dispositive Motions</u>:  Defendant anticipates filing a dispositive motion upon the close of discovery in this case.  The parties suggest that any post-discovery dispositive motion should be filed within 60 days after the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the dispositive motion, and that any reply to the opposition should be filed within 21 days of the filing of the opposition.

7. <u>Initial Disclosures</u>:  The parties propose that initial disclosures authorized under Fed. R. Civ. P. 26(a)(1) be served within 30 days of initial scheduling order.

8. <u>Discovery</u>:  The parties propose that the Court set a discovery schedule for this case, in accordance with the attached proposed Scheduling Order.  The parties believe that 180 days are

necessary to complete discovery, in light of the upcoming holidays and the current calendars of counsel. Interrogatories, Requests for Production of Documents, and Requests for Admissions are limited to 25 in number, respectively. The parties are limited to 10 depositions per side with each deposition limited to seven hours. Should sensitive personal and/or medical information be exchanged during the course of discovery in this case, the parties will submit an appropriate protective order for the Court's approval.

 9. <u>Experts</u>: The parties propose that plaintiff's expert(s) be designated no later than 60 days after the commencement of discovery, and that defendant's experts be designated no later than 30 days thereafter. The parties further propose that plaintiff's expert disclosures be served at least 60 days prior to close of discovery. The parties propose that defendant's expert disclosures should be served within 30 days after service of plaintiff's expert disclosures.

 10. <u>Class Action Procedures</u>: Not applicable.

 11. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need for bifurcation.

 12. <u>Proposed Date For Pretrial Conference</u>: Plaintiff asks the Court to set a date certain in the initial scheduling order. Defendant proposes that the pretrial date be set within 60 days after Court rules on dispositive motions.

 13. <u>Trial Date</u>: Plaintiff proposes that the trial date be set in the initial scheduling order for some time in the Winter of 2007/Spring 2008. Should a trial be necessary in this case, defendant proposes setting the trial date at the pretrial conference.

 14. <u>Other Matters:</u> None.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| David H. Shapiro, D.C. Bar # 961326 | JEFFREY A. TAYLOR, DC Bar #498610 |
| James E. Simpson, D.C. Bar # 482870 | United States Attorney |
| SWICK & SHAPIRO, P.C. | |
| 1225 Eye Street, N.W., Suite 1290 | |
| Washington, D.C. 20005 | /s/ |
| (202) 842-0300 | RUDOLPH CONTRERAS, DC Bar #434122 |
| FAX (202) 842-1418 | Assistant United States Attorney |
| | |
| Attorneys for Plaintiff | |
| | /s/ |
| | KENNETH ADEBONOJO |
| | Assistant United States Attorney |
| | 555 4th St., N.W. |
| | Washington, D.C. 20530 |
| | 202-514-7157 |
| | FAX (202) 512-8780 |
| | |
| | Attorneys for Defendant |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS L. JONES )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>THE UNITED STATES )<br>)<br>    **Defendant.** )<br>) | C.A.No. 07-0943 (CKK) |

### **INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the parties' Joint Report of Local Rule 16.3 Conference and the entire record herein, it is this ____ day of _____, 2007 hereby,

ORDERED that the parties shall abide by the following dates, deadlines and limitations:

Parties are limited to ten depositions per side.

Parties are limited to serving 25 discrete interrogatories, requests for the production of documents and requests for admissions, respectively.

Parties will serve initial disclosures authorized under Fed R. Civ. P. 26(a)(1) within 30 days from the date of this Order.

Plaintiff's expert(s) will be designated no later than 60 days from the date of this Order.

Defendant's expert(s) will be designated no later than 30 days after plaintiff's designation of expert(s).

Plaintiff's expert disclosures be served at least 60 days prior to close of discovery.

Defendant's expert disclosures should be served within 30 days after service of plaintiff's expert disclosures.

Close of all discovery 180 days from the date of this Order.

| | |
|---|---|
| Deadline for filing dispositive motions. | 60 days after close of discovery. |
| Deadline for filing opposition to dispositive motions. | 45 days after the filing of dispositive motions. |

| | |
|---|---|
| Deadline for filing reply to opposition to dispositive motions | 21 days after the filing of the opposition to dispositive motions. |
| Pretrial Conference | 60 days after Court rules on post-discovery dispositive motions |

IT IS SO ORDERED.


Date: _____          _____
                                                                            UNITED STATES DISTRICT JUDGE